UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN RUSSELL,

        Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

Case No. C17-1152 RSM

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Kathleen Russell seeks review of the denial of her May 21, 2014, application for Disability Insurance Benefits. Plaintiff contends the ALJ erred in weighing the medical evidence and her testimony, and that these errors undermine the ALJ's step five findings. Dkt. 9 at 1. As relief, plaintiff requests the Court remand the case for further proceedings. *Id.* The Commissioner disagrees and argues the ALJ reasonably weighed the medical evidence and reasonably rejected plaintiff's testimony. Dkt. 13. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

Using the five-step disability evaluation process, set forth in 20 C.F.R. §§ 404.1520(a), the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date of April 3, 2013.

**Step two:** Costochondritis is a severe impairment.

**Step three:** This impairment does not meet or equal the requirements of a listed impairment. *See* 20 C.F.R. §§ 404.1520.

**Residual Functional Capacity:** Plaintiff can perform light work, except she can lift 20 pounds occasional and 10 pounds frequently; she can sit, stand or walk up to six hours in an eight hour workday; she can frequently use ramps, stairs, ladders, ropes, scaffolds, balance, kneel and crawl; she can occasionally stoop or crouch; and she is limited to simple routine tasks.

**Step four:** Plaintiff is unable to perform past relevant work.

**Step five:** Plaintiff can perform other jobs that exist in significant numbers in the national economy and thus is not disabled.

Tr. 17-28. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr. 1. The rest of the procedural history is not relevant to the outcome of the case and is thus not recounted.

## DISCUSSION

**A.     The ALJ's Assessment of the Medical Evidence**

Plaintiff contends the ALJ erred in giving no weight to the opinions of Ricardo Castro, D.C., a chiropractor, and in giving partial weight to the opinions of Anmaji Manyam, M.D. Dkt. 9 at 2-3. Plaintiff appears to argue the ALJ did not have a valid basis to give more weight to Dr. Manyam's opinions than to Dr. Castro's opinions. The argument is off-point in that the ALJ did not weigh the two opinions against each other. Rather, the ALJ rejected Dr. Castro's opinions for reasons independent of what Dr. Manyam found.

The issue before the Court is thus whether the ALJ provided valid reasons to reject Dr. Castro's opinions. Here, the ALJ found Dr. Castro completed a functional capacity evaluation on March 23, 2016, in which he "essentially limit[ed] the claimant to less than a full range of

sedentary exertion." Tr. 25. The ALJ rejected Dr. Castro's opinions on the grounds he is not an acceptable medical source for diagnosis of an impairment; and the doctor is not a "treating source," and therefore the assessment cannot be given "more than minimal consideration." *Id*. at 25-26.

The ALJ's rationale is erroneous as a matter of law. First, the opinions of other sources, such as chiropractors, are relevant evidence and must be evaluated by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014) (ALJ erred by failing to recognize "other source that can provide evidence about the severity of a claimant's impairments and how it affects the claimant's ability to work") (internal alterations omitted); SSR 06-03p, 2006 WL 2329939, at *3 ("Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). Because the opinion of an other source is relevant evidence, the ALJ must consider it, and may only reject the opinion by setting forth germane reasons. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here none of the reasons set forth by the ALJ are germane. The ALJ found Dr. Castro as "a chiropractor is not considered an acceptable medical source for diagnosis of an impairment." Tr. 25. The finding implies Dr. Castro's opinions rest upon a diagnosis he is not qualified to make. Dr. Castro's report noted plaintiff was diagnosed with chronic chest wall pain and costochondritis. Tr. 399. However, the record shows these diagnoses were made by other medical doctors. The ALJ found as much by concluding "the claimant has been diagnosed with costochondritis," and in finding the condition is a severe impairment. Tr. 17. In short, the fact Dr. Castro is not qualified to make a diagnosis is not a germane reason to reject his testimony.

The ALJ also found Dr. Castro is not a "treating source." Tr. 26. As noted above, the

ALJ is required to consider the opinions of other sources such as Dr. Castro. That obligation is not extinguished simply because the other source is not a treating source. The lack of familiarity with a patient or the existence of holes in an other source's examination might be factors an ALJ may consider. Here, however, the ALJ made no such findings in weighing Dr. Castro's opinions. Rather the ALJ rejected Dr. Castro's opinions merely because he was an examining other source, not a treating other source.

Further, the ALJ's rejection of Dr. Castro's opinions on the grounds he is not a treating source is inconsistent with the regulatory framework the ALJ must apply in assessing evidence. As to medical and other sources, there is no single category—treating, examining, reviewing—that the ALJ can exclude merely because the source falls within the category. This is not a novel proposition. *See*, *e.g.*, *Gonzalez v. Berryhill*, 2018 WL 1415169 at *3 (C.D. Cal., March 21, 2018) (ALJ's finding doctor's opinion was based on a one-time examination is not a specific and legitimate reason to reject the opinion. By definition, an examining source will often have based his or her conclusions on a single examination.); *Hartje v. Astrue*, 2010 WL 3220615, at *13 (W.D. Wash. Aug.13, 2010) ("[T]he fact that a medical source has based his or her opinion on a one-time examination is not a valid basis for rejecting that opinion, given that the opinions of examining medical sources in general tend to be based on only one examination, and that the Commissioner himself often has based his determinations of non-disability on such one-time examinations."); *Lopez v. Colvin*, 194 F.Supp.3d 903, 917 (D.Ariz, July 11, 2016) (Fact that doctor's "opinion was based on a single examination is relevant, but is not, standing alone, a legitimate reason for rejecting his opinion. It simply cannot be said that every one-time examination is inaccurate.").

Additionally, the ALJ assigned "partial weight" to Dr. Manyam, even though the doctor

also saw plaintiff only once as an examining doctor. Tr. 25. *See, e.g., Belman v. Colvin*, 2014 WL 5781132, at *6 (C.D. Cal. Nov. 6, 2014) (finding pretense where the ALJ assigned little weight to examining physician opinion based on one examination, but assigned great weight to two physicians who did not examine plaintiff at all). Accordingly, that Dr. Castro examined plaintiff only once is not a sufficient basis to reject his opinions. Because the ALJ failed to give a germane reason supported by substantial evidence to reject Dr. Castro's opinions, the ALJ erred.

The ALJ's error is not harmless. The ALJ stated that Dr. Castro opined that plaintiff was limited to less than sedentary work. This limitation was not accounted for in plaintiff's RFC determination or at step five where the ALJ found plaintiff not disabled on the grounds she could perform light jobs that exist in significant numbers in the national economy.

The Court also notes and rejects the Commissioner's argument that the ALJ properly rejected Dr. Castro's opinion on the grounds that it "did not have any supporting evidence…." Dkt. 13 at 8. The ALJ made no such finding and, on the contrary, noted that Dr. Castro's opinions were based on extensive testing. Tr. 25 (citing Tr. 399-426. The argument is therefore an impermissible post hoc argument upon which the Court cannot rely. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995) (The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

**B.     The ALJ's Assessment of Plaintiff's Testimony**

Newly revised Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *13, provides guidance on how adjudicators should evaluate a claimant's statements. SSR 16-3p is applicable to the ALJ's decision issued May 11, 2016, as adjudicators will apply SSR 16-3p in

making decisions on or after March 28, 2016. 82 Fed. Reg. 49, 468. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. SSR 16-3p does not, however, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject subjective complaints, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Comm'r of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ rejected plaintiff's testimony on the grounds she made inconsistent statements about her marijuana use and to her medical providers about her symptoms. Tr. 24-25. These are not clear or convincing reasons to reject plaintiff's testimony. Prior to the implementation of SSR 16-3p, the ALJ was permitted to reject a claimant's testimony based upon inconsistent statements a claimant made about drug use. *See e.g. Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002) (upholding adverse **credibility** determination where claimant had "present[ed] conflicting information about her drug and alcohol use."*).* However, under SSR 16-3p "adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of the individual's symptoms should not be to determine whether he or she is a truthful person." 2017 WL 5180304 at *11. Accordingly, the ALJ erred in rejecting plaintiff's testimony on the grounds she made various statements about her drug use. These statements ostensibly indicate plaintiff is untruthful. But as noted above, adjudicators cannot focus on whether a claimant is a truthful person.

As to plaintiff's statements and the medical record, the ALJ's review of plaintiff's medical record indicates plaintiff had good days and bad days. *See* Tr. 17-20. Hence it is not surprising plaintiff made varying statements about the severity of her symptoms, over the course of years, as noted in the medical record. As such her testimony is consistent, not inconsistent with the medical record. Accordingly, the ALJ erred as substantial evidence does not support the ALJ's rationale.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Castro's opinions and plaintiff's testimony, develop the record and redetermine plaintiff's RFC as needed and proceed to step five of the disability determination process.

DATED this 13 day of June 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE